UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
William M. Mattei and Tracy Mattei

        Debtors.

                                 Case No. 21-22130 (RDD)

                                 Adversary Proceeding No.

Brenda Wiley, as Administrator C.T.A., of the
Estate of JEFFREY KEAHON, a/k/a
HAROLD JEFFREY KEAHON,
                    Plaintiff,

     -against-

William M. Mattei and Tracy Mattei,

                    Defendants.
---------------------------------------------------------------------------X

## **<u>COMPLAINT</u>**

       Plaintiff, Brenda Wiley ("Plaintiff"), residing at 56 Sterling Road, Greenwood Lake, New York 10925, as and for her Complaint against Defendants, William M. Mattei and Tracy Mattei (the "Debtors"), respectfully alleges:

### **<u>JURISDICTION</u>**

       1.      On March 2, 2021, the debtors filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Code in the Bankruptcy Court for the Southern District of New York.

       2.      On April 8, 2021, the debtors' duly-noticed meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code (the "Section 341 Meeting").

       3.      As of the date of this Complaint, the debtors have not been granted a discharge.

4.      This Complaint is timely because the date by which a Complaint objecting to the

Debtors' discharge or to determine dischargeability of a debt expires on June 7, 2021.

5.      This is an adversary proceeding in which the plaintiff-creditor is objecting to the

Debtors' discharge under Bankruptcy Code §§ 727 (a)(3) and 727 (a)(4)(A)(C) and is seeking

determination as to the dischargeability of the debt owed by the Debtors to Plaintiff under

Bankruptcy Code §§ 523(a)(2)(A), 523(a)(4).

6.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §

1334 and Bankruptcy Code §§ 523 and 727.

7.      This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 157

(b)(2)(J).

## PARTIES

8.      Plaintiff is the Administrator C.T.A. of the Estate of Jeffrey Keahon

("Decedent"), who died domiciled at 495 Orangeburg Road, Pearl River, New York 10965.

9.      Defendants are William Mattei, a/k/a William M. Mattei, Sr., individually and as

executor of the estate of Angela D. Mattei, residing at 495 Orangeburg Road, Pearl River, New

York 10965 and Tracey Mattei, residing at the same address.

## GENERAL AND PROCEDURAL BACKGROUND
## PLAINTIFF'S STATE COURT SUIT AGAINST THE DEBTORS

10.      Decedent passed away on September 18, 2013, leaving a Will, which was duly

probated by the Rockland County Surrogate's Court on April 9, 2014.

11.      Decedent's Will bequeathed the residuary estate equally amongst Angela D.

Mattei (Decedent's friend, the former executor of the estate and mother of Defendant Debtor

William Mattei) and Decedent's three sisters, Jeanne Marie Baer (who predeceased Decedent),

Janice Keahon, and Julianne Wiley.

- 2 -

12.    Angela D. Mattei petitioned for and, on October 30, 2013, was granted Preliminary Letters.

13.    On April 9, 2014, Angela D. Mattei was granted Letters Testamentary, and thereupon she qualified as Executor.

14.    On November 25, 2014, residuary beneficiary Julianne Wiley passed away, and on January 23, 2015, Brenda Wiley ("Plaintiff"), daughter of Julianne Wiley, was appointed executor of Julianne Wiley's estate.

15.    On July 23, 2015, Angela D. Mattei filed a Petition for Judicial Settlement of Account of Executor, verified on July 23, 2015.

16.    On August 5, 2015, she filed her accounting.

17.    On April 7, 2016, Brenda Wiley filed a Petition pursuant to SCPA 711 and 719 to revoke Angela D. Mattei's Letters and for the appointment of and issuance of Letters of Administration C.T.A. to Plaintiff.

18.    In said Petition, Plaintiff set forth specific allegations of self-dealing and fraud.

19.    On June 26, 2016, Angela D. Mattei passed away.

20.    On November 15, 2016, Defendant William Mattei was appointed executor of the estate of Angela D. Mattei.

21.    Defendant William Mattei is the sole residuary beneficiary of the estate of Angela D. Mattei.

22.    On November 30, 2016, Plaintiff received Letters of Administration C.T.A. for the Estate of Jeffrey Keahon.

23.    On May 3, 2017, Defendant William Mattei was substituted in his mother's Accounting proceeding relating to the Keahon Estate.

- 3 -

24.     On May 12, 2017, Plaintiff filed a Verified Answer and Objections to the
Accounting of Angela D. Mattei, objecting to among other things Angela D. Mattei's self-
dealing and fraud.

25.     On November 7, 2017, Plaintiff filed a motion for summary judgment, requesting
various surcharges against the Estate of Angela D. Mattei, based in part on the alleged self-
dealing and fraud perpetrated by Angela D. Mattei.

26.     On June 26, 2018, the Court issued a Decision and Order, granting Plaintiff's
motion for summary judgment.

27.     On November 30, 2018, the Court issued a Decree, denying Angela D. Mattei
commissions and surcharging her a total of $98,356.42, plus prejudgment interest of 6% *per
annum* on $57,116.96 from August 12, 2013 until entry of judgment, 2% *per annum* on
$92,616.52 from September 24, 2013 until June 7, 2014, 2% *per annum* on $15,522.24 from
June 7, 2014 to the entry of judgment, 2% *per annum* on $12,500.00 from June 18, 2014 to the
entry of judgment, and 2% *per annum* on $4,867.22 from November 22, 2013 to entry of
judgment.

28.     The above surcharges remain unsatisfied and exceed the set off value of Angela
D. Mattei's share of the Keahon residuary estate.

29.     On May 24, 2019, Plaintiff filed a discovery proceeding under the Surrogate's
Court Procedure Act § 2103 in Rockland County Surrogate's Court.

30.     After Plaintiff's filing of the discovery proceeding, the Defendants took various
actions to make themselves judgment proof, to include taking numerous mortgages out on the
real property located at 495 Orangeburg Road, Pearl River, New York and seeking to sell said
property.  Based upon this conduct, on August 29, 2019, Plaintiff moved for a temporary

restraining order (TRO) and preliminary injunction restraining the Defendants from selling their real estate or further mortgaging, encumbering or otherwise alienating their property.

31.     On August 30, 2019, the Court issued the TRO, and on November 12, 2019, the Court granted the preliminary injunction.

32.     The above-referenced real property located at 495 Orangeburg Road, Pearl River, New York is listed on Schedule A of the Debtors' Bankruptcy Petition which is the remaining of subdivided property. Defendants on December 28, 2018,  after subdividing the property, sold Lot # 2 (designated as 491 Orangeburg Road) for $160,000.00.

33.     On November 4, 2020, in the SCPA 2103 discovery proceeding, Plaintiff filed a motion for summary judgment, seeking an order or decree granting judgment against the Defendants pursuant to Sections 273, 273-a, 276, 276-a of the New York State Debtor and Creditor Law, and requiring Defendants to turnover money or property, or the proceeds or value thereof, to Plaintiff as fiduciary of the Keahon Estate, as well as for an order or decree, pursuant to Debtor and Creditor law and principles of equity, imposing a constructive trust upon the assets transferred and conveyed to the Defendants in an amount sufficient to satisfy the decree/judgment against Angela D. Mattei, dated and filed on Novemer 30, 2018, plus interest, plus and additional decree/judgment rendered in the proceding against Defendants, for the benefit of Plaintiff as fiduciary of the Keahon Estate.

34.     On January 4, 2021, Defendants filed their opposition to Plaintiff's motion and a cross-motion, seeking the dismissal of Plaintiff's Petition.

35.     On January 25, 2021, Plaintiff filed a Reply relating to her motion.

36.     On February 8, 2021, Defendants filed a Reply relating to their cross-motion.  The matter has been fully submitted and awaiting decision, but stayed based upon the filing of the instant bankruptcy proceeding.

## PROPERTY OBTAINED AND WITHHELD BY ANGELA D. MATTEI

37.     Angela D. Mattei, as executor of Decedent's estate, obtained and improperly withheld from the estate various assets, as set forth in greater detail below.

### A.  REAL PROPERTY LOCATED AT 495 ORANGEBURG ROAD

38.     On April 21, 1994, Decedent in exchange for a note and mortgage owned solely by Decedent, deeded his real property located at 495 Orangeburg Road, Pearl River, New York to himself and Angela D. Mattei as "joint tenants with right of survivorship."  The mortgage was given by Angela D. Mattei as mortgagor to Decedent as mortgagee.

39.     On November 22, 2013, Angela D. Mattei, as fiduciary for the Keahon estate, filed a satisfaction of said mortgage with the Rockland County Clerk.

40.     At the time Angela D. Mattei filed the satisfaction of mortgage, the mortgage had not been paid.

41.     At the time the satisfaction of mortgage was filed, Angela D. Mattei knew or reasonably should have known that the mortgage was not paid.

42.     On November 22, 2013, Angela D. Mattei, individually and as surviving joint tenant, transferred title in the above real property to her son, Defendant William Mattei, and his spouse, Defendant Tracy Mattei, retaining a life estate in said property.

43.     According to the Deed, the consideration was ten dollars ($10.00).

44.     According to the filed RP-5217, there was no consideration provided for the transfer.

45.     Defendants took up residence at said property on or about March of 2014.

## B.  ANGELA D. MATTEI'S "LOANS" AND "DISTRIBUTIONS" TO HERSELF AND DEFENDANTS

46.     On September 24, 2013, six days after Decedent's death, Angela D. Mattei, liquidated Decedent's TD Bank Savings Account No. ******2827 and deposited the funds in the amount of $97,181.12 into a personal checking account in her own name (TD Bank Account No. Checking Account No. ******1204).

47.     In Schedule A of Angela D. Mattei's Accounting, sworn on July 23, 2015 and filed on August 5, 2015, Decedent's TD Bank Account No. ******2827 is listed as an estate asset.

48.     In Schedules B, E, F and J of Angela D. Mattei's Accounting, dated July 23, 2015, filed on August 5, 2015, she states under oath that she, as executor, gave herself a series of interest-free loans and early distributions from the estate.

49.     None of the above loan or distribution sums were given to the other beneficiaries, approved by the other beneficiaries, or approved by the Court.

## ASSETS OF ANGELA D. MATTEI AND THE INSOLVENCY OF THE ESTATE OF ANGELA D. MATTEI

50.     On or about the time of Decedent's death, Angela D. Mattei received the following non-probate assets:

  a.  On or about November 20, 2013, Angela D. Mattei received a check in the amount of $154,968.50 as beneficiary of Decedent's Transamerica life insurance policy, which check she deposited in her TD Bank Account No. ******7958.

  b.  On or about November 21, 2013, Angela D. Mattei received a check in the amount of $167,543.21 as beneficiary of Decedent's Aviva life insurance policy, which check she deposited in her TD Bank Account No. ******7958.

    c.   On or about December 30, 2013, Angela D. Mattei received checks totaling $165,521.10 as beneficiary from Decedent's Fidelity IRA, with which money on January 7, 2014, she funded Transamerica Policy No. 108868TAB, naming Defendant William Mattei as sole beneficiary.

    d.   At the time of Decedent's death, Angela D. Mattei was the owner and annuitant of an Allianz IRA.  Between September 1, 2015 and January 22, 2016, Angela D. Mattei made partial withdrawals from this account in the total amount of $100,615.00.  These withdrawals were eventually deposited into Angela D. Mattei's Account No. ******7958.

51.    In addition to the above, Angela D. Mattei also received monthly social security payments in the approximate amount of $1,405.80 and pension payments in the approximate amount of $879.66.

52.    The above assets and payments received by Angela D. Mattei in the time period from Decedent's death until her own death amounts to over $670,000.00.

53.    Despite the receipt of the above assets and payments, the estate of Angela D. Mattei is insolvent.

## DEFENDANTS' CONFIDENTIAL RELATIONSHIPS WITH ANGELA D. MATTEI

54.    On November 13, 2013, Angela D. Mattei executed a power of attorney designating Defendants William Mattei and Tracy Mattei as her agents.

55.    Said power of attorney granted to Defendants authority with respect to all of the subjects "A" through "O" contained on the New York Statutory Short Form, as well as authorization to make gifts to themselves under the New York Statutory Gifts Rider.

56.    During the time period that Angela D. Mattei acted as fiduciary for the Decedent's estate, she was ill and not able to drive, and depended upon the Defendants for transportation as well as some of her basic home care.

57.    Upon information and belief, in part because of her illness, Angela D. Mattei was not adequately able to manage the affairs of Decedent's estate and improperly delegated

responsibilities to Defendant Tracy Mattei.  The basis of this belief is a review of the affirmation

of services of Mr. Kevin O'Malley, the previous attorney for Decedent's estate, which

affirmation reflects little interaction with Angela D. Mattei, and almost all of his contact with

Tracy Mattei.

### TRANSFERS FROM ANGELA D. MATTEI TO, OR FOR THE BENEFIT OF, DEFENDANTS WILLIAM MATTEI AND/OR TRACY MATTEI

58.     During the time period that Angela D. Mattei was acting as fiduciary for the

Decedent's estate, she made a large number of transfers either directly to, or for the benefit of,

Defendants William Mattei and/or Tracy Mattei.

### A.  KEAHON ESTATE BANK ACCOUNT CHECK FOR $12,500.00

59.     Angela D. Mattei, as executor of the Keahon estate, opened TD Bank Account

******2955 as the estate bank account.

60.     On or about June 20, 2014, Angela D. Mattei issued a check on this account for

New Jersey Remodeling Group in the amount of $12,500.00.

61.     This check was paid out of the estate bank account on July 7, 2014.

62.     This check was in payment for the clean out and repairs of the residence located

at 495 Orangeburg Road, Pearl River, New York.

### B.  TD BANK ACCOUNT ******5565

63.     On January 22, 2007, Angela D. Mattei opened TD Bank Account ******5565 in

her own name.

64.     On June 2, 2016, Defendants William Mattei and Tracy Mattei were added to the

account as agents under a power of attorney.

65.     All money deposited into this account belonged to Angela D. Mattei.

66.     Defendants did not deposit any of their own money into this account.

67.     On or about May 5, 2014, Defendant William Mattei withdrew $11,000.00 in cash from this account.

68.     On May 7, 2014, Defendant William Mattei filled out and signed a withdrawal slip and withdrew $70,500.00 from this account.

69.     On the back of the withdrawal slip, William Mattei wrote, "$70,000 is to Saverio V. Cereste Attorney Trust Account," and "$500.00 is to Rockland County Consumer Protection."

70.     At around this time, William Mattei retained Saverio V. Cereste, Esq., relating to the sale of property located at 250 McElroy Avenue, Fort Lee, New Jersey, which property was owned by Defendants William Mattei and Tracy Mattei.

71.     Defendant William Mattei used the $70,000.00 withdrawn from Angela D. Mattei's account in whole or in part to pay off a mortgage or mortgages owed by him and Tracy Mattei on the property located at 250 McElroy Avenue, Fort Lee, New Jersey.

72.     On June 26, 2016, the date of Angela D. Mattei's death, this account had a balance of $21,422.31.

73.     After Angela D. Mattei's death, the Defendants made numerous transactions on this account for their own benefit until August 25, 2016, on which date the account was closed with a zero balance.

## C.  TD BANK ACCOUNT NO. ******1204

74.     On September 24, 2013, Angela D. Mattei opened TD Bank Account No. ******1204 and deposited the money from Decedent's recently liquidated TD Bank Account ******2827.

75.     Angela D. Mattei was the only signatory on this account.

76. From this account, Angela D. Mattei issued the following checks to Defendant Tracy Mattei: check no. 119 dated 12/6/2013 for $4,531.25 and check no. 129 dated 1/14/2014 for $3,575.00.

77. From this account, Angela D. Mattei issued the following checks relating to the property at 495 Orangeburg Road, Pearl River, New York:

- Check no. 100 dated 10/4/2013 to the Commissioner of Finance for $1,091.08

- Check no. 453438 dated 10/16/2013 to Absolute relating to asbestos removal for $400.00

- Check no. 453437 dated 10/16/2013 to ACM for asbestos removal for $675.00

- Check no. 101 dated 10/16/2013 to Plants R Us for $1,485.00

- Check no. 105 dated 10/20/2013 to Adirondack for property insurance for $1,528.67

- Check no. 107 dated 10/20/2013 to the Receiver of Taxes for $9,011.25

- Check no. 110 dated 10/28/2013 to NJ Remodeling for $10,000.00

- Check no. 112 dated 11/20/2013 to Landgren Electric LLC for $6,355.00

- Check no. 113 dated 11/20/2013 to Steve Schiller for clean out of the property for $1,035.00

- Check no. 116 dated 11/26/2013 to Waste Away for $625.00

- Check no. 115 dated 11/22/2013 to NJ Remodeling for $10,000.00

- Check no. 111 dated 11/13/2013 to NJ Remodeling for $10,000.00

**TOTAL: $52,206.00**

78. From this bank account, on January 2, 2014, Angela D. Mattei issued an electronic check to Lowes in the amount of $4,900.00 relating to work accomplished at the property located at 495 Orangeburg Road, Pearl River, New York.

79.     On April 21, 2014, Angela D. Mattei closed this account and transferred the

remaining balance of $23,222.60 to her preexisting TD Bank Account No. ******7958.

### D.  TD BANK ACCOUNT NO. ******7958

80.     In and around 2007, Angela D. Mattei opened TD Bank Account No.

******7958.

81.     On or about January 29, 2016, a lawsuit (First National Bank of Omaha v.

William Mattei, Rockland County Supreme Court, Index No. 30312/2016) was filed against

William Mattei.

82.     Based upon this lawsuit, a lien was placed upon Angela D. Mattei's account

******7958.

83.     On or about May 27, 2016, William Mattei wrote a letter addressed to the "NY

State Supreme Court," wherein he stated:

> "The TD bank account, account ending in 7598, is not my money.  My mother
> and I added my name for ease of use when she became ill but before I needed to
> evoke the Power of Attorney.  I have remedied this at TD Bank and my status will
> change to POA on this account.  The money is from Angela D. Mattei's savings
> accounts and that money is from Social Security, a pension and private savings
> account."

84.     On June 2, 2016, Defendants William Mattei and Tracy Mattei were added to the

account as agents under a power of attorney, and on or about January 2018, Defendant William

Mattei began signing checks on this account.

85.     From this account, Angela D. Mattei issued the following checks to Defendants

William Mattei and Tracy Mattei:

- Check no. 767 dated 10/4/2013 to Tracy Mattei for $994.27

- Check no. 772 dated 10/11/2013 to Tracy Mattei for $695.00

- Check no. 773 dated 10/26/2013 to Tracy Mattei for $438.64

- Check no. 778 dated 11/10/2013 to William Mattei for $3,000.00

- Check no. 530 dated 12/6/2013 to Tracy Mattei for $1,250.68

- Check no. 535 dated 1/15/2014 to William Mattei for $1,665.21

- Check no. 534 dated 2/10/2014 to William Mattei for $4,000.00

- Check no. 784 dated 3/7/2014 to cash, which was endorsed by Tracy Mattei, for $8,000.00

- Check no. 547 dated 3/13/2014 to Tracy Mattei for $500.00

- Check no. 548 dated 3/18/2014 to Allendale Municipal Court for $189.00 in payment of a fine for a traffic ticket that was issued to Tracy Mattei

- Check no. 549 dated 3/21/2014 to cash, which was endorsed by Tracy Mattei, for $10,000.00

- Check no. 792 dated 4/11/2014 to Tracy Mattei for $3,500.00

- Check no. 794 dated 4/22/2014 to William Mattei for $2,000.00

    **TOTAL: $36,232.80**

86.    From this account, Angela D. Mattei issued the following checks relating to the property located at 495 Orangeburg Road, Pearl River, New York:

- Check no. 352 dated 12/19/2013 to NJ Remodeling for $15,000.00

- Check no. 540 dated 1/27/2014 to the Commissioner of Tax for $3,669.55

- Check no. 544 dated 2/7/2014 to NJ Remodeling for $30,000.00

- Check no. 783 dated 2/18/2014 to Airteck HVAC for $4,000.00

- Check no. 545 dated 2/22/2014 to Airteck HVAC LLC for $2,600.00

- Check no. 548 dated 3/18/2014 to Allendale Municipal Court for $189.00

- Check no.785 dated 3/21/2014 to Sarvis Tree Service Inc. for $4,118.25

- Check no. 550 dated 3/22/2014 to NJ Remodeling for $20,000.00

- Check no. 793 dated 4/15/2014 to New Jersey Remodeling Group for $30,000.00

- Check no. 852 dated 4/29/2014 to Kevin Stokes for winter plowing for $4,100.00

- Check no. 856 dated 5/23/2014to Kevin Stokes for $12,585.00

- Check no. 798 dated 6/25/2014 to Custom Gardens for $6,000.00

- Check no. 797 dated 6/19/2014 to NJ Remodeling for $10,000.00

- Check no. 862 dated 8/6/2014 to Custom Gardens for $6,000.00

- Check no. 864 dated 8/19/2014 to Custom Gardens for $7,707.48

- Check no. 868 dated 9/15/2014 to Kevin Stokes Excavating, Inc. for $5,475.00

- Check no. 869 dated 9/30/2014 to the Receiver of Taxes for $1,287.70

- Check no. 870 dated 9/30/2014 to the Receiver of Taxes for $7,129.39

**TOTAL: $169,861.37**

87.     From this account, William Mattei, as agent under a power of attorney, issued the

following checks for the benefit of himself and/or Defendant Tracy Mattei:

- Check no. 889 dated 1/20/2015 to the Receiver of Taxes relating to the property at 495 Orangeburg Road, for $676.55

- Check no. 890 dated 1/20/2015 to the Receiver of Taxes, relating to the property at 495 Orangeburg Road, for $3,759.35

- Check no. 894 dated 3/11/2015 to cash, endorsed by William Mattei, for $500.00

- Check no. 920 dated 5/30/2015 to himself for $200.00

- Check no. 932 dated 7/2/2015 to Kevin Stokes Excavating for $1,800.00

- Check no. 957 dated 8/25/2015 to Custom Gardens for $1,700.00

- Check no. 971 dated 9/30/2015 to the Receiver of Taxes, relating to the property at 495 Orangeburg Road, for $1,319.34

- Check no. 972 dated 9/30/2015 to the Receiver of Taxes, relating to the property at 495 Orangeburg Road, for $7,387.97

- Check no. 983 dated 10/26/2015 to Custom Gardens for $2,500.00

- Check no. 1068 dated 2/8/2016 to Custom Gardens for $5,000.00

- Check no. 1080 dated 3/2/2016 to New City General for the Defendants' son's baseball team, for $900.00

- Check no. 1087 dated 3/18/2016 to Canine Company for $3,5671.71

- Check no. 1019 dated 3/11/2016 to Custom Gardens for $1,000.00

- Check no. 1093 dated 4/1/2016 to Bark Busters for $1,127.10

- Check no. 1021 dated 3/11/2016 to the Receiver of Taxes for $707.79

- Check no. 1022 dated 3/11/2016 to the Receiver of Taxes for $3,933.92

- Check no. 1099 dated 4/15/2016 to TD Bank and/or Selip & Styllanou, LLP in settlement for a judgment against Tracy Mattei in the matter of TD Bank v. Tracy Mattei, Rockland County Supreme Court, Index No. 35225/2015, in the amount of $1,900.00

   **TOTAL:  $37,979.73**

88.   On June 26, 2016, the date of Angela D. Mattei's death, the balance of this account was $11,799.35.

89.   After Angela D. Mattei's death, the Defendants made numerous transactions on this account for their own benefit until on or about September 7, 2016, on which date the account was closed with a zero balance.

## ANGELA D. MATTEI'S MONEY DEPOSITED IN DEFENDANTS' BANK ACCOUNTS

90.   Defendants William Mattei and Tracy Mattei maintained with Bank of America a regular checking account no. ********8184, a money market account no. ********3064, and two savings accounts, account no. ********4584 and account no. ********0335.

91.   The following checks issued to Angela D. Mattei were endorsed by Angela D. Mattei and deposited into one of the Defendants' above Bank of America accounts:

- Check no. 31395295 dated 11/19/2014 from the NYS Department of Taxation and Finance in the amount of $210.23

- Check no. [illegible] dated 1/6/2015 from OneExchange in the amount of $259.00

- Check no. 29512720 dated 1/16/2015 from OneExchange in the amount of $168.00

- Check no. 1157408368 dated 1/21/2015 from UnitedHealthcare in the amount of $104.03

- Check no. 30044032 dated 2/9/2015 from OneExchange in the amount of $259.00

- Check no. 30368725 dated 2/19/2015 from OneExchange in the amount of $49.91

- Check no. 30831593 dated 3/6/2015 from OneExchange in the amount of $311.10

- Check no. 1000749579 dated 3/19/2015 from Columbia University in the amount of $31.82

- Check no. 31321081 dated 3/24/2015 from OneExchange in the amount of $49.91

- Check no. 31551387 dated 4/2/2015 from OneExchange in the amount of $52.10

- Check no. 31740542 dated 4/10/2015 from OneExchange in the amount of $259.00

- Check no. 31962833 dated 4/21/2015 from OneExchange in the amount of $49.91

- Check no. 32698322 dated 5/18/2015 from OneExchange in the amount of $49.91

- Check no. 32484124 dated 5/11/2015 from OneExchange in the amount of $259.00

- Check no. 33222111 dated 6/5/2015 from OneExchange in the amount of $259.00

- Check no. 33399208 dated 6/12/2015 from OneExchange in the amount of $49.91

- Check no. 34072721 dated 7/10/2015 from OneExchange in the amount of $187.95

- Check no. 33948514 dated 7/6/2015 from OneExchange in the amount of $52.10

- Check no. 37955150 dated 1/15/2016 from OneExchange in the amount of $189.00

- Check no. 38673413 dated 2/4/2016 from OneExchange in the amount of $259.00

- Check no. 38914663 dated 2/10/2016 from OneExchange in the amount of $64.70

- Check no. 40784236 dated 4/6/2016 from OneExchange in the amount of $269.50

- Check no. 4162048 dated 5/4/2016 from OneExchange in the amount of $269.50

**TOTAL:  $3,713.58**

92.     The following checks issued to Angela D. Mattei were endorsed by either Tracy Mattei or William Mattei as power of attorney and deposited into one of the Defendants' above Bank of America accounts:

- Check no. 39016768 dated 2/12/2016 from OneExchange in the amount of $49.91

- Check no. 39873647 dated 3/10/2016 from OneExchange in the amount of $323.70

- Check no. CH176070 dated 3/31/2016 from J.P. Morgan Clearing Corp. in the amount of $42.47

- Check no. 41018229 dated 4/13/2016 from OneExchange in the amount of $64.70

- Check no. 4162048 dated 5/4/2016 from OneExchange in the amount of $269.50

- Check no. 41869317 dated 5/12/2016 from OneExchange in the amount of $64.70

- Check no. 42639917 dated 6/14/2016 from OneExchange in the amount of $84.70

- Check no. 42494005 dated 6/8/2016 from OneExchange in the amount of $269.50

    **TOTAL:  $1,169.18**

93.     The following check was issued to Angela D. Mattei after she had passed away and was endorsed by Defendant Tracy Mattei as power of attorney and deposited in one of the Defendants' above Bank of America accounts:

- Check no. 43142911 dated 7/7/2016 from OneExchange in the amount of $269.50

94.     The following check was issued to the "Estate of Angela D. Mattei" and endorsed by William Mattei as power of attorney and deposited into one of the Defendants' above Bank of America accounts:

- Check no. 4706220 dated 8/9/2016 from United Healthcare Svs Inc. in the amount of $64.70

95. The following checks were issued to Angela D. Mattei after her death and after

William Mattei was appointed executor of her estate, and were endorsed "for deposit" and

deposited in one of the Defendants' above Bank of America accounts:

- Check no. [illegible] dated [illegible] from the IRS for tax year 2016 in the
  amount of $653.88

- Check no. 24018454 dated 11/7/2017 from the NYS Comptroller in the amount of
  $1,081.75

  **TOTAL: $1,735.63**

**COUNT I -- NON-DISCHARGEABILITY OF PLAINTIFF'S DEBT UNDER
SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE**

96. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 95

of this Complaint as if set forth at length herein.

97. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

a. A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt- -

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

98. All or part of the debt owed to plaintiff, is non-dischargeable as it is a debt for

money, property, services, or an extension, renewal, or refinancing of credit, that was obtained

by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code

§§ 523(a)(2)(A).

**COUNT II -- NON-DISCHARGEABILITY OF PLAINTIFF'S DEBT UNDER**

## SECTION 523(a)(4) OF THE BANKRUPTCY CODE

99.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 98 of this Complaint as if set forth at length herein.

100.    Bankruptcy Code § 523(a)(4) provides, in relevant part, that:

> (a)    A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt…
>
> (4)    for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . .

101.    As a result of the above mentioned fraudulent conveyances, Defendants became improper transferees of assets of Decedent's estate and of the estate of Angela D. Mattei, or otherwise held assets in the form of a constructive trust for the benefit of creditors of the estate of Angela D. Mattei.

102.    Defendants acted in a confidential or fiduciary capacity with regard to the assets of Decedent's estate as well as the estate of Angela D. Mattei.

103.    There was an actual or implied understanding with or promise by Defendants to act in a responsible manner with respect to Decedent's assets and estate and Angela D. Mattei's assets and estate, in accord with their own fiduciary obligations to properly assist with the respective estates.

104.    Defendants engaged in and/or caused Angela D. Mattei as executor of the Decedent's estate, to transfer property or the value thereof, belonging to said Decedent and said Decedent's estate, to themselves in such confidential or fiduciary capacity.

105.    Defendants as fiduciaries of Angela D. Mattei transferred assets belonging to Angela D. Mattei to themselves in such confidential or fiduciary capacity.

106.    That such transfers were improper, in breach of their fiduciary duties and/or fraudulent and an improper conversion or taking of Decedent's assets, Decedent's estate's assets, Angela D. Mattei's assets, or Angela D. Mattei's estate's assets for their own benefit rather than the benefit of the creditors and beneficiaries of Decedent's estate.

107.    As Defendants knowingly participated as fiduciaries themselves or with a fiduciary (i.e., Angela D. Mattei) in a breach of trust, they are liable for the full amount of the damages caused thereby and are required to account and turn over such property or the value thereof to Decedent's estate as constructive trustees.

108.    Defendants were unjustly enriched by the above transfers and conveyances.

109.    All or part of the debt owed to plaintiff, is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of Bankruptcy Code § 523(a)(6).

### COUNT IV -- OBJECTION TO DEBTORS' DISCHARGE UNDER SECTION 727(a)(3) OF THE BANKRUPTCY CODE

110.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 109 of this Complaint as if set forth at length herein.

111.    Bankruptcy Code §§ 727(a)(3) provides that:

a.    The court shall grant the debtor a discharge, unless . . .

(3)    the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

112.    Plaintiff in the Surrogate's Court proceeding served a discovery demand
requesting all bank statements associated with any bank account opened in the name of the estate
of Angela D. Mattei.  Said discovery was continuing in nature, and Defendant William Matei
despite opening a bank account in the name of the Estate of Angela D. Mattei, has not provided
any bank statements relating to said account.

113.    During the pendency of the Surrogate's Court proceeding, Defendants sought to
conceal any funds in the estate account from Plaintiff, a creditor of the estate of Angela D.
Mattei. Their petition, schedules and related forms continue to conceal funds and income.

114.    On June 20, 2019, Defendant William Mattei as executor of the estate of Angela
D. Mattei sued Kevin P. O'Malley, Esq., for malpractice in his representation of Angela D.
Mattei as the executor for the Keahon estate.

115.    The matter was settled and a stipulation of discontinuance was filed on September
18, 2020. The Defendants testified at their 341 meeting that the settlement agreement was
confidential and they could not disclose the terms.

116.    Upon information and belief, Defendant William Mattei entered into a settlement
agreement on this matter with a confidentiality agreement, with the intent to shield the assets
from his creditors and the creditors of the estate of Angela D. Mattei.

117.    This lawsuit was not listed under Part 4 of the Debtors' Statement of Financial
Affairs although the debtor was a party to this lawsuit within the year prior to filing. The amount
received from the settlement is not listed on the debtors' petition, schedules, and related forms.

118.    By virtue of the foregoing, the Debtors' discharge should be denied under
Bankruptcy Code § 727(a)(3).

## COUNT V -- OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION 727(a)(4)(A) OF THE BANKRUPTCY CODE

119.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 118 of this Complaint as if set forth at length herein.

120.    Bankruptcy Code § 727(a)(4)(A) provides that:

    a.    The court shall grant the debtor a discharge, unless

        (3) the debtor knowingly and fraudulently, in or in connection with the case –

        (a)    made a false oath or account….

121.    The Debtors knowingly and fraudulently, in or in connection with their bankruptcy petition, schedules and forms, made a false oath or account, represented in Schedule I and the Statement of Financial Affairs that their income was lower. Debtors failed to disclose income from various sources, including but not limited to Mattei Mastery, LLC and Care.com. The filed schedules and amended schedules are inconsistent with Debtors' testimony from their 341 meeting.

122.    The Debtors knowingly and fraudulently, in or in connection with their bankruptcy petition, schedules and forms, made a false oath or account, represented in Schedule B, by failing to disclose all their bank accounts and retirement accounts.

123.    By virtue of the Debtors' false representations and omissions, and the oath they took concerning the veracity of their submissions, the Debtors' discharge should be denied under Bankruptcy Code § 727(a)(4)(A).

WHEREFORE, plaintiff respectfully requests that this Court enter a Judgment determining that the debt reflected the Petitioners' schedules owed to Plaintiff, is non-dischargeable under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(4), or, in the alternative, denying theDebtor's discharge under Bankruptcy Code §§ 727(a)(3) and 727(a)(4)(A), and granting

plaintiff such other and further relief as this Court may deem just and proper.

Dated:    June 7, 2021
          Nyack, New York

<u>/s/Roselina Serrano</u>

LAW OFFICES OF SERRANO & ASSOCIATES, P.C.
Attorney for Plaintiff

Roselina Serrano, Esq

phone: 8456382200
email: <u>roselina@serranolawpc.com</u>

Website: <u>www.serranolawpc.com</u>
53 Hudson Avenue
Nyack, New York 10960