ROBERT S. LEWIS, ESQ.    Hearing Date: 7/31/25 @ 10:00 AM
Attorney for Debtors
WILLIAM AND TRACY MATTEI
29 Main Street,
Nyack, New York 10960
Tel. No.: (845) 358-7100

UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re                                                                    Chapter 7

WILLIAM MATTEI and TRACY MATTEI                Case No. 21-22130(lgb)

                              Debtors.
-------------------------------------------------------X

  TO THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK: HON. LISA G. BECKERMAN, U.S.B.J.

**<u>OBJECTION TO THE CLAIM OF THE ESTATE OF JEFFREY KEAHON</u>**

  William Mattei and Tracy Mattei by their attorney, Robert S. Lewis, Esq., for their Objection to the Claim of the Estate of Jeffrey Keahon, Claim No. 8-1, respectfully represents:

## INTRODUCTION

  1. On March 2, 2021, the Debtors filed an application for relief under Chapter 7 of the Code.

  2. Marianne O'Toole, Esq. is the permanent Chapter 7 trustee in this Chapter 7 case.

3. This Objection to Claim is being prosecuted to disallow and expunge the Proof of Claim filed by the Estate of Jeffrey Keahon (the "Estate") in ECF Claim No. 8-1, which claims allege "Misappropriation" and "Fraudulent Conveyance". See, Exhibit "A". As set forth herein, the Estate's Proof of Claim is barred by the doctrine of the law of the case.

## STATEMENT OF FACTS

4. On January 3, 2022, the Estate filed a Proof of Claim as Claim No. 8-1 in the Claims Register. The basis of the Claim as stated therein was "Misappropriation" and "Fraudulent Conveyance".

5. On June 7, 2021, the Estate filed an Adversary Proceeding seeking a determination of non-dischargeability of a debt alleged to be owed to the Estate by the Debtor pursuant to 11 USC § 523 and a denial of discharge under 11 USC 727(a)(3) and 727(a)(4)(A) of the Code. See, Exhibit "B".

6. On July 1, 2021, the Debtors duly filed their answer to the Complaint together with affirmative defenses. See, Exhibit "C"

7. On August 24, 2022, this Court rendered a decision on the record granting an unopposed motion for summary judgment in favor of the Debtors dismissing the Section 523(a) causes of action which consisted of allegations of misappropriation, fraudulent conveyance, and breach of fiduciary duty. See, Exhibit "D"

2

8. The issues presented by the causes of action contained in the Adversary Proceeding were based entirely upon the Estate's Proof of Claim.

9. On August 25, 2022, the Court issued its Order granting summary judgment as noted above. See, Exhibit "E".

10. The claims set forth in the Proof of Claim were included in the allegations and causes of action in the Adversary Proceeding.

11. The Court, in granting summary judgment, held as follows:

> "The court grants summary judgment with respect to the nondischargeability of the plaintiff's debt, Counts I and II of the complaint, under section 523(a)(2)(A) and 523(a)(4) of the Bankruptcy Code. The Court notes that these sections of the Bankruptcy Code require that there be a debt owed by the individual debtor to the creditor.
>
> Here, a judgment was issued by the surrogate court against Angela Mattei regarding claims asserted against her as a result of her role as a court-appointed fiduciary in the estate of Jeffrey Keahon. That judgment is the basis for a claim against the estate of Angela Mattei. There is a debt owed by Angela Mattei which is now owed by her estate to the estate of Jeffrey Keahon. But there is no debt owed to the estate of Jeffrey Keahon which was actually incurred by either William Mattei or Tracy Mattei".
>
> Section 523(a)(2)(A) requires that a debt must have been incurred for money, property, services of an extension, and renewal or refinancing of credit to the extent obtained by false pretenses, a false representation, or actual fraud. The complaint fails to adequately plead the elements of fraud under Section 9(b) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7009. In addition, the allegations made by the plaintiff in the complaint that the real property was conveyed under false

3

pretenses, a false representation, or actual fraud, is simply not supported by the facts.

The facts are that the real property was conveyed in 2013 to the defendants which was three years before Mr. Keahon died and several more years before the surrogate's court proceeding was commenced. Angela Mattei conveyed the property to her son and wife because she was suffering from Parkinson's Disease and wanted her family to move in and take care of her which also required some modifications to the real property. Moreover, under the relevant caselaw, the property in question would need to have been obtained from the plaintiff, which it was not.

Last, while there are allegations that Angela Mattei breached her fiduciary obligations to the Keahon estate and improperly transferred property of the Keahon Estate to herself, there is no evidence supporting the allegation that the debtors committed fraud with respect to the Keahon estate.

With respect to Section 523(a)(4), in addition to the issue of there being no debt incurred by the defendants and owed to the estate of Keahon, there are deficiencies in the complaint by failing to plead sufficient facts. Federal Rule of Civil Procedure 8(a)(2)'s notice pleading standard requires that a complaint allege enough facts to state a claim to relief that is plausible on its face. Here, the facts do not demonstrate that with respect to the second count in the complaint the debtors committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. While the complaint alleges that the defendants committed fraud or defalcation while acting in a fiduciary capacity, the facts are that the debtors did not act in a fiduciary capacity with respect to the estate of Keahon. The defendants were never court-appointed fiduciaries on behalf of the estate of Keahon. The acts held in the surrogate's court decision to result in their being amounts owed by Angela Mattei to the estate of Keahon are based on acts taken by Angel Mattei and not the defendants.

4

> In addition, the surrogate's court did not find the existence of a constructive trust. Even if it had, the case law requires that there actually be an express or technical trust, see In re William Bryan in re Bryan v. Brody 2019 Lexus 3095 Bankruptcy Court Southern District of New York 2019. There is no evidence of an express trust where the estate of Keahon is a beneficiary and the debtors are fiduciaries."

See, Exhibit "D" at pages 34-37.

## LEGAL ARGUMENT

### A. *The Estate's Proof of Claim Should Fails to Set Forth Plausible Claims; Therefore, It Should be Disallowed and Expunged*

12. This Court has previously held that "there is no debt owed to the estate of Jeffrey Keahon which was actually incurred by either William Mattei or Tracy Mattei." See, Exhibit D.

13. The Estate is bound by the claims set forth in the Proof of Claim under the doctrine of the law of the case it is respectfully represented that the Estate's Claims should be disallowed and expunged.

14. Pursuant to Bankruptcy Code Section 502(b)(1), a claim may be disallowed if it is unenforceable under applicable law. 11 U.S.C. § 502(b)(1).

15. Bankruptcy Code Section 502(b)(1) states:

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

5

> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

11 U.S.C. § 502(b)(1).

16. Chief Judge Glenn has made the following statements concerning the burden of proof in an objection to claim proceeding:

> "To overcome this *prima facie* evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). If the objector does not "introduce[ ] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." 4 *Collier on Bankruptcy* ¶ 502.02[3][e] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2019). But by producing "evidence equal in force to the *prima facie* case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted); *see also In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (reciting identical burden-shifting framework).

*In re Roman Catholic Diocese of Rockville Centre, New York*, 651 B.R. 399, 408 (Bankr. S.D.N.Y. 2023).

17. Non-bankruptcy law determines property interests in a bankruptcy case. *Butner v. U.S.*, 440 U.S. 48, 55 (1979). Therefore, the validity of a claim is

6

determined by non-bankruptcy law. *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bsnkr. D.Del. 2006).

18.  Federal pleading rules are applicable in assessing the validity of a proof of claim. *In re Roman Catholic Diocese of Rockville Centre, New York*, 651 B.R. 399, 408 (Bankr. S.D.N.Y. 2023).

19.  Judge Garrity has made the following statements concerning the pleading standards to be applied to determine the validity if a proof of claim:

> Under Rule 12(b)(6), a claim may be dismissed due to a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under that rule, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 323-24 (2d Cir. 2011), cert. denied, 565 U.S. 1241 (2012). In assessing the sufficiency of the allegations, the Court accepts the complaint's factual allegations as true and must draw reasonable inferences in favor of the plaintiff. *Tellabs Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 323 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. As such, courts "are not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Twombly*, 550 U.S. at 555. In assessing the merits of the Rule 12(b)(6) motion, the Court "must liberally construe all claims ... and draw all reasonable inferences in favor of the plaintiff." *See In re J.P. Jeanneret Assocs., Inc.*, 769 F. Supp. 2d 340, 353 (S.D.N.Y. 2011) *(citing Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 44 (2d Cir. 2003)).

*In re Ditech Holding Corp.*, 2020 WL 3634253 *5 (Bankr. S.D.N.Y. 2020).

7

20. It is respectfully submitted that under the *Ashcroft/Twombly* plausibility pleading standard that the Estate's Proof of Claim is deficient and should be disallowed and expunged.

21. The decision of this Court on the motion for summary judgment clearly shows that the Court acknowledged and recognized that there are two (2) distinct varieties of fraud, (i.e. fraud and actual fraud), because the decision makes specific reference to fraud and actual fraud. The Court, in its decision, found that the debtors committed neither fraud nor actual fraud.

22. In this case, the Court has previously dismissed all the Section 523 claims asserted by the Estate. More specifically those claims sought recovery based upon expenditures made by Angela Mattei, the mother of William Mattei, and for the alleged fraudulent conveyance of her home to the Debtors.

23. The decision as set forth above is now "law of the case" and now serves as the basis of the within motion to expunge and dismiss the claims of the Estate as set forth in its Proof of Claim.

24. The Second Circuit has made the following statements concerning the law of the case doctrine:

> The law of the case doctrine commands that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case" unless "cogent and compelling reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir.2002)

8

21-22130-lgb Doc 91-1 Filed 06/23/25 Entered 06/23/25 15:29:31 Pleading
OBJECTION TO CLAIM OF ESTATE OF JEFFREY KEAHON Pg 9 of 10

*Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009).

25. The grant of summary judgment by this Court and none of the factual and legal conclusion upon which it is based having been disturbed by any appellate court, such findings constitute "law of the case". See, (*Liona Corp. v PCH Assoc. (In re PCH Assoc.)*, 949 F2d 585, 592 [2d Cir 1991]).

26. Because neither the District Court or the Second Circuit disagreed with, let alone addressed the issues concerning fraud or actual fraud, the findings of this Court are now "law of the case" and are binding as to those issues. See, (*Liona Corp. v PCH Assoc. (In re PCH Assoc.)*, 949 F2d 585, 592 [2d Cir 1991]).

27. Thus, because the claims asserted by the Estate have been dismissed by summary judgment in the Adversary Proceeding, they may not now be relitigated and must be expunged and dismissed. See, (*Liona Corp. v PCH Assoc. (In re PCH Assoc.)*, 949 F2d 585, 592 [2d Cir 1991]).

28. Under these circumstances, the Estate's Proof of Claim should be disallowed and expunged.

## CONCLUSION

29. For all the reasons set forth herein, the Objection to the Claim of the Estate of Jeffrey Keahon should be granted.

WHEREFORE, the Objectors respectfully request that this Cout enter an Order disallowing and expunging the Proof of Claim of the Estate Jeffrey Keahon,

Claim No. 8-1; and such other and further relief as this Court deems just and equitable.

Dated: Nyack, New York
      June 23, 2025

                                  ROBERT S. LEWIS, ESQ.
                                  Attorney for Debtors
                                  WILLIAM AND TRACY MATTEI

                                  By: /s/ Robert S. Lewis
                                      ROBERT S. LEWIS
                                      29 Main St.
                                      Nyack, New York 10960
                                      Tel. No.: (845) 358-7100