**LaMONICA HERBST & MANISCALCO, LLP**                    **Relates to hearing noticed for July 22, 2026**
*Counsel to Marianne T. O'Toole, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                            Chapter 7

WILLIAM M. MATTEI and TRACY MATTEI,                Case No.: 21-22130-lgb
a/k/a TRACY DEGNAN,

                            Debtors.
--------------------------------------------------------x

### CHAPTER 7 TRUSTEE'S RESPONSE TO OBJECTION OF DEBTORS TO CLAIM 8-1 FILED BY THE ESTATE OF JEFFREY KEAHON

TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE

Marianne T. Toole, solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate

of William M. Mattei and Tracy Mattei a/k/a Tracy Degnan (together, "Debtors"), by her

undersigned counsel, submits this response to the objection of the Debtors to the proof of claim

filed on behalf of the Estate of Jeffrey Keahon ("Current Objection") [ECF No. 125][1], and

respectfully represents as follows:

### BACKGROUND

1.      On March 2, 2021 ("Filing Date"), the Debtors filed a voluntary petition under

Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern

District of New York ("Court"). See ECF No. 1.

---

[1]     The Current Objection is styled as "The Debtors' Objection To The Claim No. 8 Filed By The Estate Of Jeffrey Keahon" and begins the Debtors "by their attorney . . . for their Objection to the Claim of the Estate of Jeffrey Keahon, Claim No. 8, respectfully represent[.]" See ECF No. 125. Notwithstanding the foregoing, the conclusion of the Current Objection requests entry of an Order authorizing the Debtors to prosecute "an" objection to Claim No. 8. See id. at p. 10. This Response is submitted to the extent the Current Objection is the Debtors' objection to Claim No. 8.

2.      The scheduled assets of the Debtors include, inter alia, the real property located at 495 Orangeburg Road, Pearl River, New York 10965-2822 ("Pearl River Property"). See ECF No. 9 at Schedule A/B.

3.      The scheduled liabilities of the Debtors include, inter alia, the Estate of Jeffrey Keahon in the amount of $200,000.00, which the Debtors listed as contingent and disputed. See ECF No. 23.

4.      Marianne T. O'Toole is the Chapter 7 Trustee of the Debtors' estate.

5.      The deadline to file proofs of pre-petition claims against the Debtors' estate was January 3, 2022 ("Bar Date"). See ECF No. 30.

6.      On January 3, 2022, a proof of claim was filed against the Debtors' estate on behalf of the Estate of Jeffrey Keahon in the amount of $221,793.46, which claim was designated as claim number 8-1 ("Claim 8"). A copy of Claim 8 is annexed as Exhibit C to the Current Objection. See ECF No. 125-4.

7.      Per the face of Claim 8, the basis for the claim is "Misappropriation and fraudulent conveyance (see accompanying attorney affirmation)". See ECF No. 125-4. The affirmation of Richard S. Pakola, Esq. ("Affirmation") annexed to Claim 8 provides, inter alia, as follows: "I have represented Brenda Wiley in regards to her interests in the Estate of Jeffrey Keahon, to include her petition to be named administrator C.T.A., her objections to the Accounting of Angela Mattei, **and her SCPA 2103 discovery proceeding against William Mattei and Tracy Mattei, relating to their misappropriation and fraudulent conveyances from Angela Mattei's estate.**" (emphasis added). See id. The Affirmation further provides:

> 8.      After issuance of the decree, Brenda Wiley was informed by [debtor] William Mattei's attorney that the estate of Angela Mattei was insolvent and could not pay the judgment entered against it. When Brenda Wiley learned of this, she filed an SCPA

2

2103 discovery proceeding against William Mattei and Tracy Mattei [i.e., the Debtors]. Based upon discovery obtained in the SCPA 2103 proceeding, it was learned that William and Tracy Mattei [i.e., the Debtors] had misappropriated and fraudulently conveyed moneys belonging to Angela Mattei and the estate of Angela Mattei.

9.    Additionally, it was learned that [debtor] William Mattei brought a malpractice action against Angela Mattei's attorney relating to the Keahon/Wiley judgment. William Mattei obtained settlement on matter and misappropriated this money without using it to pay his mother's debts, to include the Keahon/Wiley judgment.

See id.

## A.    The Denial of the Debtors' Discharge

8.    On June 7, 2021, i.e., prior to the Bar Date and prior to filing Claim 8, Brenda Wiley, as Administrator C.T.A., of the Estate of Jeffrey Keahon, a/k/a Harold Jeffrey Keahon ("Wiley") commenced an adversary proceeding against the Debtors pursuant to sections 523 and 727 of the Bankruptcy Code. See generally Adv. Pro. No. 21-07029-lgb ("Adversary Proceeding").

9.    Wiley's complaint in the Adversary Proceeding alleges, inter alia, as follows:

29.    On May 24, 2019, [Wiley] filed a discovery proceeding under the Surrogate's Court Procedure Act § 2103 in Rockland County Surrogate's Court.

30.    After [Wiley's] filing of the discovery proceeding, the [Debtors] took various actions to make themselves judgment proof, to include taking numerous mortgages out on the [Pearl River Property] and seeking to sell said property. Based upon this conduct, on August 29, 2019, [Wiley] moved for a temporary restraining order (TRO) and preliminary injunction restraining the [Debtors] from selling their real estate or further mortgaging, encumbering or otherwise alienating their property.

31.    On August 30, 2019, the [Surrogate] Court issued the TRO, and on November 12, 2019, the Court granted the preliminary injunction.

. . .

3

33.    On November 4, 2020, in the SCPA 2103 discovery proceeding, [Wiley] filed a motion for summary judgment, seeking an order or decree granting judgment against the Defendants pursuant to Sections 273, 273-a, 276, 276-a of the New York State Debtor and Creditor Law, and requiring [the Debtors] to turnover money or property, or the proceeds or value thereof, to [Wiley] as fiduciary of the Keahon Estate, as well as for an order or decree, pursuant to Debtor and Creditor law and principles of equity, imposing a constructive trust upon the assets transferred and conveyed to the [Debtors] in an amount sufficient to satisfy the decree/judgment against Angela D. Mattei, dated and filed on November 30, 2018, plus interest, plus and additional decree/judgment rendered in the proceeding against [the Debtors], for the benefit of [Wiley] as fiduciary of the Keahon Estate.

34.    On January 4, 2021, [the Debtors] filed their opposition to [Wiley's] motion and a cross-motion, seeking the dismissal of [Wiley's] Petition.

35.    On January 25, 2021, [Wiley] filed a Reply relating to her motion.

36.    On February 8, 2021, [the Debtors] filed a Reply relating to their cross-motion. The matter has been fully submitted and awaiting decision, but stayed based upon the filing of the instant bankruptcy proceeding.

See Adv. Pro. No. 21-07029-lgb, ECF No. 1 at ¶¶ 29-36.

10.    In their answer filed in the Adversary Proceeding on July 1, 2021, the Debtors, inter alia, admitted the allegations contained in foregoing paragraphs 29, 30, 31, 32, 34, 35, and 36 of Wiley's complaint, and denied having knowledge sufficient to form a belief as to the allegations set forth in paragraph 33 of Wiley's complaint. See Adv. Pro. No. 21-07029-lgb, ECF No. 3, ¶¶1-3.

11.    On August 17, 2021, the Surrogate's Court issued a Decision and Order in Wiley's SCPA § 2103 proceeding ("2103 Proceeding"). See Adv. Pro. No. 21-07029-lgb, ECF No. 13-18. The Surrogate's Court: (a) denied Wiley's motion for summary judgment; (b) granted the Debtors' motion to dismiss Wiley's claims asserted pursuant to section 273-a of the New York Debtor and Creditor Law (i.e., for attorney's fees); and (c) denied the Debtors' cross-motion for summary judgment on Wiley's remaining claims. See id. at p. 6. In other words,

4

Wiley's direct claims under the N.Y. Debtor and Creditor Law sections 273, 276 and 276-a and for a constructive trust against the Debtors in the 2103 Proceeding survived summary judgment.

12.     By motion dated April 25, 2022, the Debtors moved for summary judgment and a judgment on the pleadings in the Adversary Proceeding. See Adv. Pro. No. 21-07029-lgb, ECF No. 13.

13.     By motion dated July 18, 2022, Wiley moved for partial summary judgment against the Debtors in the Adversary Proceeding. See Adv. Pro. No. 21-07029-lgb, ECF No. 21. The Debtors opposed the cross-motion. See id. at ECF Nos. 26, 27.

14.     By Order entered on August 25, 2022, the Court granted the Debtors' motion for summary judgment with respect to Counts I, II and IV in Wiley's complaint, i.e., Wiley's claims pursuant to sections 523(a)(2)(A), 523(a)(2)(4) and 727(a)(3) of the Bankruptcy Code. See Adv. Pro. No.: 21-07029-lgb, ECF No. 28. Count V, i.e., Wiley's claim under section 727(a)(4)(A) of the Bankruptcy Code, **expressly** **survived**. See id.

15.     On June 8, 2023, the Court issued an Opinion & Order denying the Debtors' request for a discharge under section 727(a)(4)(A) of the Bankruptcy Code. See Adv. Pro. No. 21-07029-lgb, ECF No. 36.

16.     On June 16, 2023, the Court entered a Judgment consistent with the Opinion & Order. See id. at ECF No. 37. The Debtors appealed from the Judgment and Opinion & Order. See id. at ECF No. 38.

17.     On April 12, 2024, the United States District Court for the Southern District of New York (J. Halpern) ("District Court") issued an Opinion and Order denying the Debtors' appeal and affirming the Court's rulings in all respects. See S.D.N.Y. Case No.: 23-CV-06093 (PMH), ECF No. 20. On the same date, a Clerk's Judgment was issued consistent with the

5

Opinion and Order. See id. at ECF No. 21. The Debtors appealed from the Clerk's Judgment and Opinion and Order of the District Court. See id. at 23.

18.     On April 1, 2025, the United States Court of Appeals for the Second Circuit ("Second Circuit") issued a Summary Order affirming the judgment of the District Court. See Case: 24-1261, ECF No. 70.1. The Second Circuit found, inter alia, as follows:

> The Bankruptcy Code defines a "creditor" as any entity with a preexisting "claim" against a debtor. 11 U.S.C. § 101(10)(A). "Claim," in turn, is defined as a "right to payment, whether or not such right is reduced to judgment, . . . contingent, . . . disputed, [or] undisputed." *Id.* § 101(5)(A); *see also Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) ("Congress intended by this language to adopt the broadest available definition of 'claim.'"). Wiley's fraudulent-conveyance claim filed against the Appellants in the Surrogate's Court, which the Appellants specifically sought to discharge in bankruptcy, qualifies as a claim under the statutory definition. The Bankruptcy Court's ruling that the Appellants were not directly liable for the Surrogate's Court's 2018 award against Angela Mattei's estate did not extinguish this claim.[] *See Cohen v. de la Cruz*, 523 U.S. 213, 218 (1998) (distinguishing between a "claim" and a "debt"). **Accordingly, we conclude that Wiley qualifies under the Bankruptcy Code as a creditor with statutory standing to object to the Appellants' request to discharge any debts or claims owed to the Keahon Estate.**

See id. at pp. 5-6 (emphasis added).

**B.     The Debtors' Prior Objection to Claim 8**

19.     On June 23, 2025, soon after the Second Circuit affirmed the judgment of the District Court that affirmed the judgment of this Court denying the Debtors' discharge, the Debtors filed an objection to Claim 8 ("Prior Objection"). See ECF No. 91. Before filing the Prior Objection, the Debtors did not seek leave of the Court. Likewise, the Debtors did not request that the Trustee object to Claim 8 (or any other filed claim).

20.     A response to the Prior Objection was filed on behalf of the Estate of Jeffrey Keahon. See ECF No. 98. The Debtors replied to the response. See ECF No. 100.

21.     In further support of their Prior Objection, the Debtors filed a copy of an appraisal

6

of the Pearl River Property ("Appraisal"), which lists a fair market value of $890,000.00 as of August 19, 2025. See ECF No. 105.

22.     A response to the Prior Objection was filed by the Trustee. See ECF No. 108.

23.     On November 12, 2025, the Court conducted a hearing on the Prior Objection. Following the hearing, the Debtors withdrew the Prior Objection. See ECF No. 116.

**C.     The Debtors' Current Objection to Claim 8**

24.     On December 22, 2025, counsel to the Debtors sent a letter to the Trustee's undersigned counsel and requested that the Trustee commence an objection to Claim 8. Thereafter, the Trustee and her counsel conferred with counsel to the Debtors regarding the request.

25.     On May 28, 2026, the Debtors filed the Current Objection to Claim 8. See generally ECF No. 125.

26.     According to the Debtors, based on the Appraisal, their case is a "solvent Chapter 7 case." See ECF No. 125 at ¶4. According to the Debtors, "[t]here is a surplus of $654,745.96." See id.

**THE OBJECTION SHOULD BE OVERRULED**

27.     The Debtors argue that Claim 8 should be disallowed for two reasons. First, since Claim 8 purportedly sets forth only two bases for the claim, i.e., "fraud and defalcation", Wiley purportedly waived any other claims that could have been asserted against the Debtors "by only listing two potential claims" in Claim 8. Second, the "law of the case" based on the Court's dismissal of Wiley's 523 claims in the Adversary Proceeding is purportedly that there is "no debt" underlying Claim 8. Each argument is without merit and should be rejected for the reasons addressed more fully below.

**A.**      <u>**Wiley Timely Provided Notice Of The Existence, Nature And Amount Of Her Claim**</u>

28.      Pursuant to section 502(a) of the Bankruptcy Code, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, . . . , objects." 11 U.S.C. §502(a). <u>See</u> <u>also</u> FED. R. BANKR. P. 3001(f) ("A proof of claim signed and filed in accordance with these rules is prima facie evidence of the claim's validity and amount.").

29.      The Court may treat a request for monetary relief asserted in a complaint as an informal proof of claim where the complaint: (a) is timely filed and becomes part of the judicial record; (b) states the nature, existence and amount of the debt; and (c) evidences the creditor's intent to hold the estate liable. <u>See, e.g.</u>, <u>Pavarini McGovern, LLC v. Waterscape Resort LLC (In re Waterscape Resort LLC)</u>, 520 B.R. 424, 433 n.11 (Bankr. S.D.N.Y. 2014) (citing <u>Wilson v. Residential Capital, LLC (In re Residential Capital, LLC)</u>, Adv. P. No. 12-01936, 2014 Bankr. LEXIS 3045, 2014 WL 3057111, at *7 (Bankr. S.D.N.Y. July 7, 2014)).

30.      Once an objection is made, the Court "shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount" except to the extent the claim falls within one of the exceptions listed in section 502(b) of the Bankruptcy Code. <u>See</u> 11 U.S.C. § 502(b).

31.      In this case, Wiley commenced the Adversary Proceeding before the Bar Date. Wiley's complaint filed in the Adversary Proceeding detailed, <u>inter</u> <u>alia</u>, the claims asserted by Wiley in the 2103 Proceeding Wiley commenced against the Debtors in the Surrogate's Court, which allegations the Debtors largely admitted in their answer. <u>Compare</u> Adv. Pro. No. 21-07029-lgb, ECF No. 1 at ¶¶29-36, <u>with</u> Adv. Pro. No. 21-07029-lgb, ECF No. 3 at ¶¶1-3. Wiley's complaint states the nature, existence and amount of the debt, and evidences Wiley's intent to hold the estate liable.

32.     Wiley also filed Claim 8 before the Bar Date. The Current Objection states that "Claim No. 8 solely sets forth two bases for the purported claim: fraud and defalcation." See ECF No. 125 at ¶16. This is incorrect. The words "fraud" and "defalcation" are not reflected in Claim 8. See generally ECF No. 125-4.

33.     On its face, the basis for Claim 8 is "Misappropriation and fraudulent conveyance (see accompanying attorney affirmation)" not "fraud and defalcation". See ECF No. 125-4. Moreover, the Affirmation annexed to Claim 8 details the nature of Claim 8, including details about the direct claims asserted against the Debtors in the 2103 Proceeding under the N.Y. Debtor and Creditor Law and for a constructive trust (which claims survived summary judgment in the 2103 Proceeding). See id.

34.     The Debtors' argument that Claim 8 is based solely on "fraud and defalcation" is both inaccurate and disingenuous. Based on, inter alia, the admitted allegations in Wiley's complaint and the Affirmation annexed to Claim 8, the Debtors were on notice of Wiley's claim and the basis for Claim 8.

35.     Assuming arguendo the Court were to find Claim 8 lacked clarity (which it does not), Claim 8 may be amended and would relate back to the timely filed Claim 8. As explained in In re Uvino, No. 09-15225 (BRL), 2012 Bankr. LEXIS 1089, at *7-8 (Bankr. S.D.N.Y. Mar. 14, 2012):

> A late-filed claim is deemed an amendment when it relates back to a "timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." In re Enron, 419 F.3d at 133. In other words, a late-filed claim will be an amendment, rather than a new claim, when: (i) a timely filed claim puts the debtor on notice that a future claim will be asserted; and (ii) the late claim relates back to a timely-filed claim. A timely-filed claim provides notice when it apprises parties "of the existence, nature, and amount of the claim and that it was the creditor's intent, expressed in the original claim, to hold the estate liable for the claim later set forth in the amendment." In re Matthews, 313 B.R. 489,

9

493-94 (Bankr. M.D. Fla. 2004). A claim will relate back when it "1) corrects a defect of form in the original claim; 2) describes the original claim with greater particularity; or 3) pleads a new theory of recovery on the facts set forth in the original claim." In re Enron, 419 F.3d at 133 (internal quotations and citations omitted). Ultimately, the decision to permit an amendment to a proof of claim "rests within the sound discretion of the bankruptcy judge." In re McLean Indus. Inc., 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990).

36.    Thus, Claim 8 may be amended to address any perceived defect with Claim 8, to describe Claim 8 with greater particularity, or to plead a new theory of recovery on the facts set forth in Claim 8.

**B.    The Court's Ruling In The Adversary Proceeding Did Not Extinguish Claim 8**

37.    Pursuant to section 727(c)(1) of the Bankruptcy Code, only "[t]he trustee, *a creditor*, or the United States trustee may object to the granting of a discharge under subsection (a) of this section." See 11 U.S.C. § 727(c)(1) (emphasis added). A "creditor" is defined in the Bankruptcy Code as, inter alia, an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor[.]" See 11 U.S.C. § 101(10)(A). A "claim" means the:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

See 11 U.S.C. § 101(5).

38.    Here, the Current Objection to Claim 8 is premised, in part, on the argument that, in light of the Court's prior dismissal of Wiley's 523(a) claims in the Adversary Proceeding, Claim 8 must be disallowed because Wiley is not a creditor of the Debtors. The Debtors' argument is reductio ad absurdum; if the Court determined that Wiley was not a creditor, the

10

Court would have dismissed Wiley's 727(a)(4)(A) claim. See 11 U.S.C. § 727(c)(1). The Court

undoubtedly did not.

39.    Equally important, both the District Court and the Second Circuit have already

rejected the Debtors' argument that Wiley is not a creditor based on this Court's dismissal of the

523(a) claims in the Adversary Proceeding. See Case 7:23-cv-06093-PMH, ECF No. 20 at pp. 7-

10; Case No.: 24-1261, ECF No. 70.1 at pp. 5-6. As explained by the District Court:

> A comparison of the remaining claims in the 2103 Proceeding and that which was adjudicated at summary judgment in the Adversary Proceeding reveals that [Wiley] does in fact still have "a cause of action or right to payment that has not yet accrued or become cognizable." *In re Cestaro*, 598 B.R. at 529. Indeed, she has claims in the Surrogate's Court, but not a debt because liability on the claims has not yet been adjudicated by the Surrogate. (AP Doc. 13-18). **Specifically, [Wiley's] remaining claims under the N.Y. Debtor and Creditor Law and for a constructive trust against [the Debtors] in the 2103 Proceeding which survived summary judgment in the Surrogate's Court are claims for purposes of standing herein. (Id.). Moreover, [the Debtors] listed [Wiley] as holding a contingent, disputed claim of $200,000 when they filed for bankruptcy. (BR Doc. 1 at 31).**

See Case 7:23-cv-06093-PMH, ECF No. 20 at p. 9 (emphasis added). As affirmed by the Second

Circuit:

> Wiley's fraudulent-conveyance claim filed against the [the Debtors] in the Surrogate's Court, which the [the Debtors] specifically sought to discharge in bankruptcy, qualifies as a claim under the statutory definition. **The Bankruptcy Court's ruling that the [Debtors] were not directly liable for the Surrogate's Court's 2018 award against Angela Mattei's estate did not extinguish this claim.**

See Case No.: 24-1261, ECF No. 70.1 at p. 5 (emphasis added).

40.    As found by both the District Court and the Second Circuit, and implicit in this

Court's adjudication of Wiley's 727(a)(4)(7) claim to judgment against the Debtors, this Court's

dismissal of Wiley's 523(a) claims in the Adversary Proceeding is not a basis to disallow Claim

8.

11

## CONCLUSION

41.     For the reasons set forth above, and based on the record in this case, the Trustee

respectfully requests that the Current Objection be overruled.

Dated: July 15, 2026
      Wantagh, New York

                       **LaMONICA HERBST & MANISCALCO, LLP**
                       *Counsel to Marianne T. O'Toole, as Trustee*

        By:    *s/ Holly R. Holecek*
               Holly R. Holecek, Esq.
               A Partner of the Firm
               3305 Jerusalem Avenue, Suite 201
               Wantagh, New York 11793
               Telephone: (516) 826-6500

12